IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY A. MIHALKO, and MARY ANN S. MIHALKO, His Wife,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY CO. and DISNEY VACATION DEVELOPMENT, INC.<br><br>Defendants. | Case No.: 2:19-CV-789 |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants The Walt Disney Company ("TWDC"); Disney Vacation Development, Inc. ("DVD"); Disney Vacation Club Management, LLC (formerly known as Disney Vacation Club Management Corporation and incorrectly pled as "Disney's Vero Beach Resort" and "Disney Vacation Club Management Corporation") ("DVCM"); and Walt Disney Parks & Resorts U.S., Inc. ("WDPR") (collectively, "Defendants"), subject to all of their defenses, including Rule 12 defenses, which are expressly reserved herein, remove this action and give notice of that removal from the Court of Common Pleas of Allegheny County to the United States District Court for the Western District of Pennsylvania. As grounds for this removal, Defendants state:

1. Defendants are named in the following civil action pending in the Court of Common Pleas of Allegheny County: *Mihalko, et al. v. Disney Vacation Club Management Corp., et al.*, Case No. GD-17-010946.

2. This is a personal injury action brought by Plaintiffs Gregory Mihalko and Mary Ann Mihalko for damages for injuries that are alleged to have occurred on August 5, 2015.

3. This action was commenced by writ of summons. The writ of summons names DVCM (incorrectly pled as "Disney's Vero Beach Resort" and "Disney Vacation Club Management

Corporation"), DVD, and WDPR as defendants. Plaintiffs' Complaint was filed on May 31, 2019. The only Defendants named in Plaintiffs' Complaint are TWDC (which was not named as a defendant in the writ of summons) and DVD. Defendants were never properly served with either the writ of summons or Plaintiffs' Complaint, but TWDC and DVD received a copy of Plaintiffs' Complaint by mail on June 5, 2019. This Notice of Removal is timely under 28 U.S.C. 1446(b) because it is filed within 30 days after TWDC and DVD received a copy of Plaintiffs' Complaint, which is the first pleading or paper that establishes that this action is removable.

4. True and correct copies of all process, pleadings, and orders received or obtained by Defendants in this case are attached hereto as Exhibit A.

5. There is complete diversity of citizenship between Plaintiffs and Defendants. Plaintiffs are citizens of the Commonwealth of Pennsylvania and Defendants are not citizens of the Commonwealth of Pennsylvania. The amount in controversy requirement in 28 U.S.C. § 1332 is satisfied as set forth more fully below. This action, therefore, may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Venue is proper in this Court because the removed action is being removed from the Court of Common Pleas of Allegheny County, which is located in the Western District of Pennsylvania. Removal of this case to this Court shall not subject Defendants to jurisdiction in Pennsylvania or constitute a waiver by Defendants of their right to seek dismissal of this lawsuit.

6. Plaintiffs are citizens of the Commonwealth of Pennsylvania. (Ex. A, Compl. ¶ 1.) None of Defendants is a citizen of Pennsylvania. TWDC is a Delaware corporation with its principal place of business in California. DVD and WDPR are Florida corporations with their principal places of business in Florida. DVCM is a Florida limited liability company with its

principal place of business in Florida. The sole member of DVCM is DVD, a Florida corporation with its principal place of business in Florida. Therefore, diversity of citizenship exists.[1]

7. The amount in controversy with respect to Gregory Mihalko's claims, without interest and costs, exceeds $75,000 as required by 28 U.S.C. § 1332. He seeks compensatory damages relating to his alleged exposure to toxic fumes. He alleges that, as a result of his exposure to toxic fumes, he "contracted a demyelinating disease and suffered severe, disabling, and painful personal injuries to bones, cartilages, ligaments, muscles, nerves and tissues of the body, including but not limited to: severe scarring and disfigurement; severe spinal damage; damage to the nervous system; dizziness and headaches; shortness of breath; severe pain and suffering; burning of the eyes, nose and throat; and nervousness and shaking, all of which may be permanent." (Ex. A., Compl., ¶ 19.) He alleges he has "undergone severe physical pain and mental anguish, and he will continue to endure the same for an indefinite time in the future to his great detriment and loss." (*Id.* ¶ 22.) He further alleges he has been required to spend "various sums of money for medical treatment, and he will require further medical treatment at further cost." (*Id.* ¶ 20.) He also alleges he "has been and will continue to be unable to perform his normal daily activities for all or some time in the future" and that he "suffered loss of past and future earnings and earning capacity." (*Id.* ¶¶ 21, 23.) A reasonable reading of the value of the rights being litigated with respect to Gregory Mihalko's claims confirms that he seeks an amount in excess of $75,000, exclusive of interest and costs, and that the amount in controversy requirement is therefore satisfied.

---

[1] As indicated above, DVCM was formerly known as Disney Vacation Club Management Corporation. When Disney Vacation Club Management Corporation existed, it was a Florida corporation with its principal place of business in Florida.

8. The amount in controversy with respect to Mary Ann Mihalko's claims, without interest and costs, also exceeds $75,000 as required by 28 U.S.C. § 1332.  She demands compensatory damages for loss of consortium as a result of the injuries Gregory Mihalko allegedly suffered as a result of being exposed to toxic fumes.  She alleges that, as a result of Gregory Mihalko's injuries, she "has been and may in the future be deprived of the care, companionship, consortium and society of her husband, all of which will be to her great detriment."  (Ex. A., Compl., ¶ 25.)  A reasonable reading of the value of the rights being litigated with respect to Mary Ann Mihalko's claims confirms that she seeks an amount in excess of $75,000, exclusive of interest and costs, and that the amount in controversy requirement is therefore satisfied.

9. Because Plaintiffs' Complaint does not assert any claims against DVCM or WDPR, those entities are nominal, fraudulently joined parties whose existence should be ignored for purposes of determining whether subject matter jurisdiction exists.  In any event, for the reasons set forth above, jurisdiction would exists even if those entities were not nominal, fraudulently joined defendants.

10. In accordance with 28 U.S.C. § 1446(d), all adverse parties are being provided with this written notice of removal, and a copy of this notice of removal is being filed with the Prothonotary of Allegheny County.

Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and removal of this action to this Court from the Court of Common Pleas of Allegheny County is proper under 28 U.S.C. §§ 1441 and 1446.

Dated: July 2, 2019                                        Respectfully Submitted,


                                                           /s/Timothy J. O'Driscoll
                                                           Timothy J. O'Driscoll
                                                           PA Attorney No. 82572
                                                           DRINKER BIDDLE & REATH LLP
                                                           One Logan Square, Suite 2000
                                                           Philadelphia, PA 19103-6996
                                                           Telephone: (215) 988-2700
                                                           Facsimile: (215) 988-2757
                                                           E-mail: timothy.odriscoll@dbr.com

                                                           *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 2, 2019, a true and correct copy of the foregoing was sent via United States Mail, postage prepaid, and email to:

James E. Quinn, Esq.
Matthew T. Logue, Esq.
Quinn Logue LLC
200 First Avenue, Third Floor
Pittsburgh, PA 15222-1512
jquinn@quinnlogue.com

*Counsel for Plaintiffs*

        /s/Timothy J. O'Driscoll
        Timothy J. O'Driscoll